**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DARVETTE SMITH, individually and on behalf of a class of others similarly situated,** | |
| **Plaintiff,** | **Case No. _____** |
| **v.** | **COLLECTIVE ACTION COMPLAINT** |
| **FAMILY VIDEO MOVIE CLUB, INC.,** | |
| **DEFENDANT.** | **JURY TRIAL DEMANDED** |

Plaintiff Darvette Smith, on behalf of herself and all others similarly situated against Family Video Movie Club, Inc., alleges as follows:

1.      This case is a wage and hour collective action to vindicate the substantive rights afforded employees by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  Family Video deliberately and systemically fails to pay its employees their earned wages and overtime compensation in violation of the FLSA.

## JURISDICTION AND VENUE

2.      The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions.  29 U.S.C. § 216(b).  This Court has original federal question jurisdiction under 28 § U.S.C. § 1331.

3.      Venue is proper in this District because the Defendant is incorporated in the state of Illinois and maintains its headquarters and principal place of business in this District.

## PARTIES

4.      Plaintiff Darvette Smith is a resident of Des Moines, Iowa.  She was employed by Defendant in the state of Iowa as a Sales Associate in Family Video's retail stores from November 2008 through January 2011.  Throughout her employment Plaintiff worked primarily at two of

1

Family Video's retail locations and on occasion worked at three other Family Video retail stores in the greater Des Moines area.

5.       Defendant Family Video Movie Club, Inc. ("Family Video") is an Illinois corporation with its principal place of business and headquarters in Glenview, Illinois.

## **FACTUAL BACKGROUND**

6.       Family Video owns and operates over 700 movie and video game rental stores in 19 different states.  Family Video describes itself as "the largest privately owned [video] rental chain in the nation" and employs over 6,500 people.

7.       Family Video employs part-time and full-time Sales Associates in each of its stores who are primarily responsible for assisting customers, processing rental returns, stocking shelves with DVDs and video games, promoting video rental discount memberships ("DRMCs"), cleaning and maintaining the stores, updating store advertising and marketing materials (e.g. shelf-talkers, displays, window clings, banners, and marquees) and working the cash registers.

8.       Family Video maintains a policy and practice of requiring its Sales Associates to work "off-the-clock" before and after their shifts without compensation.  Unpaid off-the-clock work performed by Sales Associates includes, among other things, assisting customers, opening the stores, cleaning and maintaining the stores, making required phone calls, completing inventory-related tasks, stocking shelves, and closing down the stores which requires a nightly audit to balance cash registers and make off-site bank deposits.

9.       On information and belief, Family Video strictly controls the labor costs at each of its stores and closely limits Sales Associates to 40 hours per week of compensation or less, regardless of how many hours its employees work.  Plaintiff, and other similarly situated employees, have been harmed by this practice are entitled to unpaid minimum wages and overtime premium pay at one-and-

2

one-half times their regular rates of pay.

## COLLECTIVE ACTION ALLEGATIONS

10.     Plaintiff brings this suit as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and a proposed class of similarly situated employees defined as:

> All current and former Sales Associates employed by Defendant within the past three years.

Plaintiff's consent to join this action is attached herewith as Exhibit A.

11.     Plaintiff, individually, and on behalf of other similarly situated employees defined above, seeks relief on a collective basis challenging Family Video's policy and practice of failing to accurately record all hours worked and failing to pay its employees for all hours worked at the applicable statutory rates, including one-and-one-half times their regular rates of pay for all hours worked over 40 in a week.

12.     The number and identity of other similarly situated employees yet to opt-in and consent to be party-plaintiffs may be determined from the records of Family Video, and potential opt-in plaintiffs may be easily and quickly notified of the pendency of this action.

## COUNT I

## Violation of the Fair Labor Standards Act of 1938

13.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

14.     At all times material herein, Plaintiff, and similarly situated employees, have been entitled to the substantive rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

15.     The FLSA regulates, among other things, the payment of minimum wages and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the

3

production of goods for commerce.  29 U.S.C. § 207(a)(1).

16.     Family Video is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

17.     Plaintiff and all similarly situated employees are victims of Family Video's uniform and company-wide policies that violate the FLSA.  Family Video violated the FLSA by, among other things, suffering and permitting its Sales Associates such as Plaintiff to work "off the clock" without the compensation required by the FLSA, including minimum wages for all hours worked and overtime pay at one-and-one-half times the employees' regular rate of pay for all hours worked above 40 hours in a workweek.  In the course of perpetrating these unlawful practices, Family Video has also willfully failed to keep accurate records of all hours worked by its employees.  These policies and practices, in violation of the FLSA, have been applied to all Sales Associates employed by Family Video nationwide.

18.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Plaintiff or other similarly situated Sales Associates.

19.     Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wages and overtime pay within the past three-years, plus periods of equitable tolling, because Family Video has acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

20.     Family Video has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA and, as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages recovered in this action.  Alternatively, Plaintiff and all

similarly situated employees are entitled to an award of pre- and post-judgment interest at the applicable legal rates.

21.     As a result of the aforesaid willful violations of the FLSA's provisions, compensation has been unlawfully withheld by Family Video from Plaintiff and all similarly situated employees. Accordingly, Family Video is liable pursuant to 29 U.S.C. § 216(b) for unpaid wages, together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of all others similarly situated, prays for relief as follows:

1.     An order certifying this case as a collective action and directing notice of the pendency of this action and the ability to opt-in be sent to potential plaintiffs;

2.     Compensatory damages;

3.     Liquidated damages;

4.     Attorneys' fees and costs of suit;

5.     Pre- and post-judgment interest; and

6.     Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury.

DATED:  March 14, 2011         Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: /s/ Elizabeth A. Fegan
Elizabeth A. Fegan
1144 W. Lake Street, Suite 400
Oak Park, IL  60301
Telephone: (708) 628-4949
Facsimile:  (708) 628-4950

**GIRARD GIBBS LLP**
Eric H. Gibbs (*pro hac vice* to be filed)
Dylan Hughes (*pro hac vice* to be filed)
Matthew B. George (*pro hac vice* to be filed)
601 California Street, 14th Floor
San Francisco, California  94108
Telephone:  (415) 981-4800
Facsimile:   (415) 981-4846

*Attorneys for Plaintiff Darvette Smith*