# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DARVETTE SMITH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 11 C 1773 |
| | ) |
| FAMILY VIDEO MOVIE CLUB, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Family Video Movie Club, Inc.'s (FVMC) partial motion to dismiss and motion to strike. For the reasons stated below, the partial motion to dismiss is granted and the motion to strike is denied.

## BACKGROUND

FVMC allegedly owns and operates over 700 movie and video game rental stores in 19 different states. Plaintiffs were allegedly employed by FVMC in stores in Iowa, Illinois, and Michigan. Plaintiffs were allegedly paid at an hourly rate and were required to perform work while not on the clock, such as assisting customers, opening the stores, cleaning and maintaining stores, making phone calls, working on

1

inventory, stocking shelves, closing down stores, and making bank deposits. Plaintiffs brought the instant action and include in their amended complaint Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* claims (Count I), Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1 *et seq.* claims (Count II), and Michigan Minimum Wage Law (MMWL), Mich. Comp. Laws §408.384, overtime claims and minimum wage claims (Count III). FVMC moves to dismiss the overtime claims in Count III and to strike the class allegations in Counts II and III.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . .

. stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

**DISCUSSION**

I. Motion to Dismiss

FVMC argues that the MMWL overtime claims should be dismissed because it is exempt from the MMWL. The MMWL provides in part that it "does not apply to an employer who is subject to the minimum wage provisions of the fair labor standards act of 1938, 29 USC 201 to 219, unless those federal minimum wage provisions would result in a lower minimum hourly wage than provided in" the MMWL. Mich. Comp. Laws §408.394(1). FVMC contends that it is subject to the FLSA and therefore is not subject to the MMWL. Plaintiffs do not contest FVMC's assertion that if FVMC is subject to the FLSA, then FVMC is not subject to the MMWL. It is also apparent that Plaintiffs agree that FVMC is subject to the FLSA since Plaintiffs have included FLSA claims in the amended complaint. Plaintiffs point out that in October 2006, the federal minimum wage became lower than the MMWL minimum wage. However, FVMC indicates that it is only moving to dismiss the MMWL overtime claims in Count III that are based upon alleged violations of the MMWL overtime protections, not the minimum wage protections.

3

Under Mich. Comp. Laws §408.394(1), even if the MMWL provided a minimum wage lower than the federal minimum wage, the MMWL provides an additional exemption from the overtime provisions of the MMWL. *Id.* (stating that "Section 4a does not apply"); *Arrington v. Michigan Bell Telephone Co.*, 746 F.Supp. 2d 854, 857 (E.D. Mich. 2010)(explaining the "additional exemption" for the overtime provisions). Plaintiffs concede that §408.394(1) provides the additional exemption and that FVMC falls under that exemption. (Ans. 12). Plaintiffs argue, however, that they can proceed under the savings clause of the MMWL, which provides: "[n]otwithstanding any other provision of this act, subsection (1)(a) and (b) and subsection (2) do not deprive an employee or any class of employees of any right that existed on September 30, 2006 to receive overtime compensation or to be paid the minimum wage." Mich. Comp. Laws §408.394(5). Plaintiffs argue that they can proceed on the MMWL overtime claims because Plaintiffs fall within a class of employees that had a right under FLSA to overtime pay on September 30, 2006. (Ans. 12). Plaintiffs do not cite any authority to support their position. (Ans. 12). In regard to the issue of overtime compensation, the savings clause of the MMWL does not indicate that Plaintiffs can pursue overtime claims under MMWL, but indicates that the MMWL exemptions do not deprive Plaintiffs from pursuing any right that existed on September 30, 2006 to receive overtime compensation. Plaintiffs in fact

4

are pursuing FLSA claims for overtime compensation in Count I. Thus, Plaintiffs are not being deprived of bringing FLSA claims under the rights that existed on September 30, 2006 to receive overtime compensation. Therefore, the motion to dismiss the MMWL overtime claims (Count III) is granted.

II. Motion to Strike

FVMC moves to strike the class allegations in Counts II and III. In regard to the IMWL and MMWL claims, FVMC argues that any class that Plaintiffs sought to certify under Federal Rule of Civil Procedure 23(a) (Rule 23(a)) for the IMWL and MMWL claims would be preempted by the FLSA. There are three types of federal preemptions: "express preemption, conflict (or implied) preemption, and field (or complete) preemption." *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 696 (7th Cir. 2005). FVMC argues that the FLSA expressly preempts the MMWL and IMWA claims. (Reply 5). Express preemption by Congress "occurs when a federal statute explicitly states that it overrides state or local law." *Hoagland*, 415 F.3d at 696. FVMC argues that 29 U.S.C. §216(b) (Section 216(b)) of the FLSA prescribes certain actions. Section 216(b) provides in part the following:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any

5

> employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. *An action to recover the liability prescribed in either of the preceding sentences may be maintained* against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. *No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.*

*Id.* (emphasis added). FVMC argues that the reference to the limitation for bringing actions involving FLSA claims shows that the FLSA preempts Rule 23(a) class claims for state law claims that are connected to minimum wages and overtime. However, the FLSA also includes a provision authorizing claims such as in the instant action. The FLSA specifically includes a "savings clause" that authorizes states to enact more favorable legislation involving wages and hours, providing that "[n]o provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter." 29 U.S.C. § 218(a).

Although the Seventh Circuit has not specifically addressed whether state wage and hour claims are preempted by the FLSA, courts in this district have held

6

that such claims are not preempted. *See Barragan v. Evanger's Dog and Cat Food Co., Inc.*, 259 F.R.D. 330, 335 (N.D. Ill. 2009)(stating that "the FLSA does not preempt the field of wage and hour regulation"); *Chavez v. Don Stoltzner Mason Contractor, Inc.*, 272 F.R.D. 450, 456 (N.D. Ill. 2011)(noting that "Congress did not expressly preempt state overtime laws nor intend FLSA to occupy the field of wage and hours regulation"). Although FVMC bases its arguments on preemption, its position is similar to the position argued before the Seventh Circuit recently in *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971 (7th Cir. 2011). In the instant action, FVMC is arguing that Plaintiffs cannot proceed both with a Rule 23(a) class action on the IMWL and MMWL state claims and a collective action on the FLSA claims. FVMC argues that the FLSA savings clause does not provide Plaintiffs with the "ability to concurrently proceed under the FLSA and Rule 23." (Reply 6). In *Ervin*, the Court considered that same issue and concluded that "there is no categorical rule against certifying a Rule 23(b)(3) state-law class action in a proceeding that also includes a collective action brought under the FLSA." *Ervin*, 632 F.3d at 973-74. The Court in *Ervin* noted that "[n]othing in the text of the FLSA or the procedures established by the statute suggests either that the FLSA was intended generally to oust other ordinary procedures used in federal court or that class actions in particular could not be combined with an FLSA proceeding." *Id.* The Court in *Ervin*

7

concluded that "employees who institute a collective action against their employer under the terms of the [FLSA] may at the same time litigate supplemental state-law claims as a class action certified according to Federal Rule of Civil Procedure 23(b)(3)." *Id.* In this case, Plaintiffs' position concerning the preemption issue is consistent with the holding in *Ervin.*

FVMC also argues that to allow Plaintiffs to proceed with a Rule 23(a) class action on the state claims would allow Plaintiffs to nullify FVMC's rights regarding class actions provided under the FLSA. (Reply 10). However, such considerations were also before the court in *Ervin* and the Seventh Circuit ruled that the Rule 23(a) class could proceed. The Court in *Ervin* specifically noted that the "district court was concerned that the collective action authorized by the FLSA would be undermined if supplemental state-law class actions were being pursued in the same case at the same time." *Id.* at 977. The Court in *Ervin* also recognized the protections provided by Congress in the FLSA by the "opt-in" requirement. *Id.* However, the Court concluded that a class action for the IMWL claims in that case could proceed. *Id.* at 975, 981.

FVMC also cites *King v. General Elec. Co.*, 960 F.2d 617 (7th Cir. 1992) for the proposition that Section 216(b) "preempts the class action procedure under Federal Rule of Procedure 23." *Id.* at 621. However, in *King*, the Seventh Circuit

8

was merely indicating that the procedures in Rule 23(a) would not govern claims brought for violations under Rule 216(b). The Court in *King* did not address whether or not supplemental state law claims in the same action could proceed under Rule 23(a). *Id.* Thus, *King* is not on point in this instance. Therefore, the IMWL and MMWL claims are not preempted by the FLSA. FVMC also argues in the alternative that the MMWL does not provide a private right of action for individuals because, for example, the word "employee" is not made plural in parts of the MMWL and because certain sections of the MMWL permits the Commissioner of the Department of Labor& Economic Growth (Commissioner) to bring class actions. However, the mere fact that a statute gives a right to an individual by referring to the individual in the singular tense as an "employee" does not mean that an individual cannot bring a class action on behalf of multiple employees. In addition, just because the statute permits the Commissioner of a state to bring a class action, does not mean that individuals are barred from bringing class actions. There are no express prohibitions in the MMWL against class actions brought by individuals and FVMC has not cited any authority to the contrary. Therefore, the motion to strike the MMWL and IMWL class allegations is denied.

## CONCLUSION

Based on the foregoing analysis, the motion to dismiss the MMWL overtime claims (Count III) is granted and the motion to strike class allegations in Counts II and III is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 4, 2011