Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1773 | **DATE** | 4/11/2012 |
| **CASE TITLE** | Darvette Smith, et al. Vs. Family Video Movie Club, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the court approves Defendant's Proposed Notice as amended in accordance with this order. Defendant is ordered to file a revised notice consistent with this order by April 18, 2012.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On February 22, 2012, the court granted Plaintiffs' motion for conditional certification of collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* The court also directed the parties to meet and confer and attempt to formulate an agreed proposed notice and to submit the proposed notice to the court by March 15, 2012. The court further indicated that if the parties could not agree to a proposed notice, Plaintiffs should file their proposed notice by March 15, 2012, and Defendant Family Video Movie Club, Inc. should file a memorandum explaining its objections to the proposed notice by March 22, 2012. On March 15, 2012, Plaintiffs filed their proposed notice (Plaintiffs' Proposed Notice) and on March 22, 2012, Defendant filed an objection to Plaintiffs' Proposed Notice. Defendant also filed its own proposed notice (Defendant's Proposed Notice). On March 27, 2012, Plaintiffs also filed an objection to Defendant's Proposed Notice. In a FLSA case, a court should ensure that the notice to potential class members expresses information in a neutral manner, and is "accurate . . . and informative . . . ." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989)(stating that "trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action"); *Nehmelman v. Penn Nat. Gaming, Inc.*, 2011 WL 4538698, at *16 (N.D. Ill. 2011)(stating that "the court has a managerial responsibility to oversee

| STATEMENT |
|---|

the joinder of additional parties to assure that the task is accomplished in an efficient and proper way")(internal quotations omitted)(quoting *Hoffmann–La Roche Inc.*, 493 U.S. at 170-71).

I. Plaintiffs' Proposed Notice

Plaintiffs' Proposed Notice, as a whole, does not properly convey the necessary information to potential opt-in class members in a neutral manner. For example, Plaintiffs' Proposed Notice begins with a statement in all capital oversized bold letters stating, "**IF YOU ARE A CURRENT OR FORMER HOURLY EMPLOYEE OF FAMILY VIDEO MOVIE CLUB, INC., YOU MAY BE OWED WAGES.**" (P Not. 1). Although the first paragraph indicates, "[t]his is not a solicitation from a lawyer," that is exactly what Plaintiffs' Proposed Notice appears to be. The first page emphasizes through bold and large font letters that a recipient can "**Join the Lawsuit**" and "keep the possibility of getting money or benefits," or "**Do Nothing**," and "give up the possibility of getting money or benefits. . . ." (P Not. 1). Plaintiffs' Proposed Notice mentions only in passing that "[w]ithout addressing the merits of the case," the court has authorized this notice, but Plaintiffs' Proposed Notice fails to make clear that the court is not endorsing either side in this action. (P Not. 1). Therefore, the court will not adopt Plaintiffs' Proposed Notice.

II. Defendant's Proposed Notice

Defendant's Proposed Notice, although not perfect, notifies potential class members of the necessary information in a much more neutral fashion. The court will therefore start with Defendant's Proposed Notice and make certain modifications. Plaintiffs have objected to certain portions of Defendant's Proposed Notice.

A. Obligation to Participate in Discovery

Plaintiffs object to the statement on the first page of Defendant's Proposed Notice, informing potential class members of their obligation as class members to participate in discovery. Plaintiffs argue that the notice suggests that depositions may be taken in Chicago. However, Defendant's Proposed Notice merely indicates that class members may be required to testify at a trial in Chicago. Plaintiffs also contend

| STATEMENT |
|---|

that the notice does not inform potential class members that Plaintiffs' counsel will assist them in the discovery process. In order to address Plaintiffs' concerns, after the sentence in Defendant's Proposed Notice referencing discovery obligations, the following should be added: "If you decide to opt into the class in this case, Plaintiffs' counsel will be able to assist you with the discovery process."

### B. Bold Text

Plaintiffs object to certain statements in Defendant's Proposed Notice, which are presented in bold text. Defendant's Proposed Notice includes the following statements in bold text: (1) **"If you do not want to become a plaintiff, you do not need to do anything,"** and (2) **"Your receipt of this Notice does not mean that you were not properly paid overtime pay or that you have any claim."** (D. Not. 1, 4). Plaintiffs contend that Defendant should not emphasize such statements by presenting them in bold text. Defendant has not provided sufficient justification to provide such text in bold letters, and therefore, the statements should be presented in regular text.

### C. Fee Arrangement

Plaintiffs object to the portion of Defendant's Proposed Notice that purports to set forth the exact terms of the fee arrangement for Plaintiffs' counsel. Plaintiffs argue that such information is not necessary for the notice and that such information is privileged information. While the general statements in Defendant's Proposed Notice indicating that Plaintiffs' counsel will receive a part of the recovery and that any payment of attorneys' fees will require court approval are accurate statements, Defendant has not shown that specifying the exact terms of the fee arrangement in the notice is appropriate. Therefore, the portion of Defendant's Proposed Notice specifying the exact terms of the fee arrangement should be omitted.

### D. Deadline for Opt-In

Plaintiffs object to the deadline in Defendant's Proposed Notice providing that all opt-in consent forms must be received and filed within a 60-day notice period. Plaintiffs argue that it should be sufficient that forms are placed in the mail and post-marked within the 60-day period. Plaintiffs contend that due to

| STATEMENT |
|---|

the logistics of reviewing and filing consent forms, there will be a delay after consent forms are placed in the mail before they can be filed. Plaintiffs argue that it will thus be unclear to potential class members what the true deadline is for turning in opt-in consent forms. In order to make clear to potential class members the deadline for deciding whether to join the class, the court will adopt Plaintiffs' proposed statement as to the deadline.

### E. Fax and Email Filings

Plaintiffs object to the omission in Defendant's Proposed Notice of contact information by which a potential class member could return the consent form via fax or email. Plaintiffs argue that such forms of communication are now commonly used as efficient and inexpensive ways to forward information and potential class members may prefer such methods of communication. Defendants have not presented sufficient justification to preclude such contact information from the notice. Therefore, the notice should be amended to include such information.

Based on the above, the court approves Defendant's Proposed Notice as amended in accordance with this order. Defendant is ordered to file a revised notice consistent with this order by April 18, 2012.