IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARVETTE SMITH, NATALIE HODOROVYCH, ERIN BOX, and BLAKE BREZINSKY, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FAMILY VIDEO MOVIE CLUB, INC.,<br><br>Defendant. | 11 C 1773<br><br>Judge John Z. Lee |

## MEMORANDUM OPINION AND ORDER

Defendant Family Video Movie Club, Inc. is a video rental chain that operates stores in nineteen states, including 115 stores in Illinois. Plaintiffs are former Family Video employees who claim that Family Video underpaid them in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law (IMWL), 820 Ill. Comp. Stat. 150/1 *et seq.* In support of these claims, Plaintiffs allege that Family Video underpaid them by excluding commissions in calculating their overtime wages. They further allege that Family Video failed to compensate them for off-the-clock time spent making bank deposits on Family Video's behalf.

After Plaintiffs filed this lawsuit, Family Video added a new code to its timekeeping system. The code allows employees to add fixed amounts of time to their time cards in order to account for time spent making bank deposits after clocking out. These fixed amounts of time are listed in a report that the parties

refer to as the "Time Study." Family Video has filed a motion *in limine* seeking to exclude the Time Study under Federal Rules of Evidence 401, 403, and 407. For the reasons set forth below, the motion is granted in part and denied in part.

## Background

Plaintiffs filed this lawsuit on March 24, 2011, on behalf of themselves and all others similarly situated. They bring claims under the FLSA and the IMWL. In March 2015, the Court issued an order allowing Plaintiffs to proceed with their FLSA claims as a collective action. The collective action is divided into two subclasses, the "Commission Class" and the "Bank Deposit Class," which the Court respectively defined as follows:

> All opt-in Plaintiffs who worked more than 40 hours in a workweek without receiving applicable overtime premiums that included commission pay from March 14, 2008, through March 14, 2011.

> All opt-in Plaintiffs who worked more than 40 hours in a workweek that took Family Video's bank deposits off the clock from March 14, 2008, through March 14, 2011.

*Smith v. Family Video Movie Club, Inc.*, No. 11 C 1773, 2015 WL 1542649, at *9 (N.D. Ill. Mar. 31, 2015).

In November 2015, the Court granted Plaintiffs' motion for class certification of their IMWL claims using substantially the same subclass definitions that the Court approved with respect to the FLSA claims. *See Smith v. Family Video Movie Club, Inc.*, 311 F.R.D. 469, 473, 483 (N.D. Ill. 2015). In certifying these subclasses, the Court noted that Plaintiffs had proposed to rely solely upon Family Video's own

2

records to ascertain which employees were eligible for class membership by virtue of having worked more than 40 hours in a workweek. *Id.* at 474, 478–79.

After the Court certified these subclasses, however, a dispute arose as to precisely how Plaintiffs were to calculate whether employees had worked more than 40 hours in a workweek in order to fall within the class. According to Plaintiffs, both the on-the-clock time recorded in Family Video's records as well as the unrecorded off-the-clock time that employees spent making bank deposits were to be taken into account in calculating how many hours employees had worked. *See* Pls.' Mot. Clarification at 1, ECF No. 436. By contrast, Family Video maintained that unrecorded off-the-clock time should be left out of this calculation. *See* Family Video's Opp. at 2, ECF No. 439.

In light of this dispute, the Court amended the definitions of the two subclasses certified in its November 2015 order. The amended definitions read as follows:

> All current and former employees of Family Video retail stores in Illinois who were paid on an hourly basis and who, *according to Family Video's records*, worked more than 40 hours in a workweek without receiving applicable overtime premiums that included commission pay from March 14, 2008, through March 14, 2011.
>
> All current and former employees of Family Video retail stores in Illinois who were paid on an hourly basis, worked more than 40 hours in a workweek (*according to Family Video's records*), and took Family Video's bank deposits while off-the-clock between March 14, 2008, through March 14, 2011.

ECF No. 448 (emphases added).

These amendments did not put the parties' dispute fully to rest. They still disagree as to whether Family Video's Time Study counts as a "Family Video

3

record" that may be used in determining which employees "worked more than 40 hours in a workweek" under the class definitions. As noted above, the Time Study is a report that lists the amount of time it takes to make bank deposits from each Family Video store. This amount of time varies from store to store, depending on factors such as a given store's distance from the store's preferred bank. Family Video created the Time Study in May 2011—after this lawsuit was filed—in order to develop a new code for use in its timekeeping system. Upon entering this new code, Family Video employees can now receive an automatic time credit for any bank deposits that they plan to make after clocking out.

Plaintiffs propose to use the times listed in the Time Study to calculate the number of hours employees worked, both to determine as a threshold matter which employees are eligible for class membership and ultimately to measure class members' damages. *See* Pls.' Status Report at 1–4, ECF No. 451; Pls.' Opp. at 5, ECF No. 464. Plaintiffs reason that, because the Time Study is part of "Family Video's records," use of the Time Study is fair game for the purpose of making these calculations. *See id.* For its part, Family Video contends that Plaintiffs should not be permitted to use the Time Study for this (or any other) purpose. Family Video has accordingly filed a motion *in limine* seeking to exclude the Time Study.

## **Legal Standard**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4

4

(1984).  Rulings *in limine* avoid delay and allow the parties the opportunity to prepare themselves and witnesses for the introduction or exclusion of the applicable evidence.  *See Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999); *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).  Trial courts have broad discretion in ruling on evidentiary issues before trial.  *See United States v. Chambers*, 642 F.3d 588, 594 (7th Cir. 2011); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 426 (7th Cir. 2000).  The Court will grant a motion *in limine* only when the evidence is clearly inadmissible for any purpose.  *See Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *Betts v. City of Chi., Ill.*, 784 F. Supp. 2d 1020, 1023 (N.D. Ill. 2011).  Furthermore, rulings on motions *in limine* are "subject to change when the case unfolds." *Luce*, 469 U.S. at 41; *see also Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006).  Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41–42.

## Analysis

In support of its motion *in limine*, Family Video primarily argues that the Time Study should be excluded under Federal Rule of Evidence ("Rule") 407 as a subsequent remedial measure.  It also argues that the Time Study should be barred under Rules 401 and 403.  The Court will address each of these arguments below.

### I. Rule 407: Subsequent Remedial Measures

Rule 407 provides that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove . . . culpable conduct." Fed. R. Evid. 407; *see also Pugh v.*

5

*Tribune Co.*, 521 F.3d 686, 695 (7th Cir. 2008). Subsequent measures barred for the purpose of proving culpable conduct may nevertheless be admissible "for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407. As a matter of policy, Rule 407 aims to incentivize socially beneficial activity on the part of defendants where such activity might lead to an inference that defendants' pre-litigation conduct was legally culpable. *See* Fed. R. Evid. 407 advisory committee's note; *Markadonatos v. Vill. of Woodridge*, 760 F.3d 545, 550 (7th Cir. 2014).

Although Rule 407 is most frequently invoked to exclude evidence of subsequent repairs in product liability cases, the Seventh Circuit has made clear that the rule encompasses subsequent remedial measures well beyond those that involve "'repair' in the literal sense." *Pastor v. State Farm Mut. Auto. Ins. Co.*, 487 F.3d 1042, 1045 (7th Cir. 2007). For example, Rule 407 has been held to bar evidence of an insurer's contract revisions for the purpose of proving the insurer's contractual liability. *See id.* It has also been held to bar evidence of a change in a prison's policy for the purpose of proving that the prison's pre-litigation policies violated inmates' civil rights. *See Ford v. Schmidt*, 577 F.2d 408, 410–11 (7th Cir. 1978). In sum, when a subsequent remedial measure is offered "as evidence of liability," Rule 407 bars its use. *Pugh*, 521 F.3d at 695.

Here, Family Video's new timekeeping code and the underlying Time Study were not developed until after this lawsuit was filed. If this timekeeping code had been implemented at an earlier time, Plaintiffs' alleged harms would have been less

6

likely to occur, because Plaintiffs would have been able to use the code to earn time credits for time spent making bank deposits. As such, the Court finds that the Time Study is a subsequent remedial measure falling within the scope of Rule 407. Plaintiffs are accordingly barred from using the Time Study for the purpose of proving Family Video's liability. *Cf. Torres v. Rock & River Food Inc.*, No. CV 15-22882, 2016 WL 4440509, at *1 (S.D. Fla. Aug. 19, 2016) (holding that Rule 407 barred evidence of defendants' new timecard and record-keeping procedures for purposes of proving liability in FLSA collective action).

Plaintiffs nevertheless argue that they should be permitted to use the Time Study to show "how much off-the-clock bank deposit work each employee engaged in," on the ground that the amount of time it takes employees to make bank deposits bears on damages rather than liability. Pls.' Opp. at 5. Indeed, the amount of time it takes to make bank deposits does speak in part to damages, and Rule 407 does not preclude Plaintiffs from using the Time Study for the purpose of proving the measure of damages during the damages phase of trial. But the amount of time it takes employees to make bank deposits also speaks in part to liability. This is because, under Plaintiff's proposed method for identifying potential class members, Plaintiffs' use of the Time Study directly triggers Family Video's potential liability with respect to any individuals for whom the Time Study is dispositive of class membership. Using the Time Study to expand Family Video's liability in this way comports with neither Rule 407 nor the policy underlying it, *see Pugh*, 521 F.3d at 695, and Plaintiffs cite no authority suggesting otherwise. For

7

these reasons, Rule 407 precludes Plaintiffs from using the Time Study for the purpose of calculating how many hours individuals worked in determining those individuals' eligibility for membership under either subclass.[1]

## II. Rule 401: Relevance

Next, Family Video contends that the Time Study is inadmissible for any purpose because it is not relevant under Rule 401. Under Rule 401, evidence is relevant as long as it has "any tendency" to make a fact of consequence "more or less probable than it would be without the evidence." Fed. R. Evid. 401. It is well established that relevance is a liberal standard. *See, e.g.*, *Stollings v. Ryobi Techs., Inc.*, 725 F.3d 753, 768 (7th Cir. 2013).

In arguing that the Time Study is not relevant, Family Video points out that the Time Study was not created until after this lawsuit was filed, that the Time Study does not necessarily reflect Plaintiffs' personal experiences, and that there are discrepancies between the times reported in the Time Study and class members' individualized testimony. Mem. Supp. at 6–8. But each of these issues speaks to the Time Study's probative value rather than to its relevance. Whatever its weaknesses may be, the Time Study is clearly relevant to the issues in this case. Rule 401 therefore offers no basis for excluding the Time Study from evidence.

---

[1] In its reply brief, Family Video suggests that Rule 407 should also bar Plaintiffs from using the Time Study in litigating against Family Video's *de minimis* defense. Reply at 3–5, ECF No. 466. Because Family Video raised this issue only in its reply brief, Plaintiffs have not had an opportunity to tell the Court how, or even whether, they would propose to use the Time Study in litigating against this defense. The Court therefore declines to rule at this time on the extent to which Rule 407 would permit Plaintiffs to rely upon the Time Study in rebutting a *de minimis* defense.

**III.   Rule 403: Excluding Evidence for Unfair Prejudice or Confusion**

Family Video also argues that the Time Study should be barred under Rule 403. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

According to Family Video, the Time Study should be barred under Rule 403 because its admission would distract jurors from Plaintiffs' testimony, confuse the issue of how much time it takes to make bank deposits with the issue of how much time is legally compensable, and unduly persuade the jury on issues that Plaintiffs bear the burden of proving. Mem. Supp. at 10. These arguments do not convince the Court that the Time Study's probative value is "substantially outweighed" by unfair prejudice or risk of confusion under Rule 403. Any prejudice to Family Video is mitigated by the Court's ruling that the Time Study is inadmissible for the purpose of proving liability under Rule 407, *see supra*. Moreover, any risk of prejudice or confusion can be addressed closer to trial by, for example, the use of a limiting instruction or the exclusion of the Time Study from the liability phase of trial. *See, e.g.*, *Adams v. Ameritech Servs., Inc.*, 231 F.3d 414, 428 (7th Cir. 2000) ("[N]ormally the balancing process contemplated by [Rule 403] is best undertaken at the trial itself."). For these reasons, Family Video's motion to exclude the Time Study under Rule 403 is denied.

## Conclusion

For the reasons stated herein, Family Video's motion *in limine* to exclude the Time Study [453] is granted in part and denied in part. Plaintiffs are hereby barred under Rule 407 from using the Time Study to determine which individuals are eligible for class membership under the class definitions or to otherwise prove Family Video's liability. In all other respects, Family Video's motion is denied.

**IT IS SO ORDERED.**     ENTERED     2/13/17

*/s/ John Z. Lee*

_____
**John Z. Lee**
**United States District Judge**