IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DARVETTE SMITH, NATALIE HODOROVYCH, ERIN BOX, and BLAKE BREZINSKY, individually and on behalf of a class of others similarly situated,** <br><br> Plaintiffs, <br><br> v. <br><br> **FAMILY VIDEO MOVIE CLUB, INC.,** <br><br> Defendant. | Case No. 11-cv-1773 <br><br> Hon. John Z. Lee <br><br> Magistrate Judge Cole |

**PLAINTIFFS UNOPPOSED AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

Plaintiffs, Darvette Smith, Natalie Hodorovych, Erin Box, and Blake Brezinsky ("Named Plaintiffs"), on behalf of themselves and all persons whom they seek to represent ("Plaintiffs" or "Class Members"), hereby move the Court to preliminarily approve the Parties' proposed Settlement of their collective and class action claims. Defendant, Family Video Movie Club, Inc., does not oppose Plaintiffs' motion.

As explained in the accompanying Memorandum of Law and the Declaration of David M. Berger, the Parties have reached a settlement that meets or exceeds all the criteria for settlement approval. The Settlement provides all Class Members and opt-in FLSA Plaintiffs who fall within the collective definitions that the Court already has certified with a recovery that at least equals the range of possible recoveries obtainable at trial.

After the Court denied without prejudice Plaintiffs' previous Motion for Preliminary Settlement Approval, *see* ECF No. 488, the parties negotiated and executed an Amended Settlement Agreement. The Amended Settlement Agreement and related papers differ from the previous settlement in only four ways.

1

First, the Amended Settlement Agreement no longer permits Family Video to terminate the agreement if the Court awards Class Counsel more than $66,000 in attorneys' fees and costs. Instead, the Amended Settlement Agreement states that Family Video will have no obligation to pay over $66,000 in fees and costs, even if the Court were to award a larger amount. Second, the previous Settlement Agreement provided that if there were a remainder in the Settlement Fund after the deadline for the Class Members to cash their checks, the Parties would propose cy pres beneficiaries for Court approval. In contrast, the Amended Settlement Agreement requires the parties to file their proposed distribution methods for Court approval, which can include alternative methods of distributing the remainder to Class Members as the Court suggested. Third, the proposed Class Notice separately lists the amount of money designated for the Class and for Attorneys' fees and costs. Finally, there are minor changes to the Settlement Agreement that update the procedural history of the case and explain that the Amended Settlement Agreement is intended to supersede the previous Settlement Agreement.

Because the proposed Settlement provides an excellent result for the classes, tenders payments to Class Members without the need for a claims process, and is fair, reasonable, and adequate in all other respects, Plaintiffs respectfully request that the Court issue an Order (1) preliminarily approving the Parties' class and collective action Settlement Agreement (attached as Exhibit 1), (2) approving the form and manner of class notice (attached as Exhibit A to the Settlement Agreement), (3) appointing Named Plaintiffs as the Settlement Class Representatives, (4) appointing Plaintiffs' counsel, Girard Gibbs LLP, and Gibbs Law Group as Class Counsel for the Settlement Classes, and (5) scheduling a final fairness hearing.

### I. Terms of the Proposed Settlement

Plaintiffs ask the Court to certify for settlement purposes, the following four classes:

**Rule 23(b)(3) Settlement Classes**

> **IMWL Commissions Class -** All current and former employees of Family Video retail stores in Illinois who were paid on an hourly basis and who, according to Family Video's records, worked more than 40 hours in a workweek without receiving applicable overtime premiums that included commission pay from March 14, 2008, through March 14, 2011.

> **IMWL Bank Deposit Class -** All current and former employees of Family Video retail stores in Illinois who were paid on an hourly basis, worked more than 40 hours in a workweek (according to Family Video's records), and took Family Video's bank deposits while off-the-clock from March 14, 2008, through March 14, 2011.

**FLSA Settlement Classes**

> **FLSA Commissions Class -** All opt-in Plaintiffs who, according to Family Video's records, worked more than 40 hours in a workweek without receiving applicable overtime premiums that included commission pay from March 14, 2008, through March 14, 2011.

> **FLSA Bank Deposit Class** - All opt-in Plaintiffs who worked more than 40 hours in a workweek (according to Family Video's records), and took Family Video's bank deposits while off-the-clock from March 14, 2008 through March 14, 2011.

As described in more detail in the attached Memorandum of Law, the Settlement Class definitions are substantively identical to the classes that the Court already has certified and there is no reason for the Court to reverse its earlier rulings.

The remaining terms in the proposed Settlement also warrant granting preliminary approval. First, the proposed Settlement will fully compensate the Class Members for all the claims remaining in this case, including applicable statutory penalties and liquidated damages, without the need for a claims process. Class Counsel have performed all the damages calculations using Family Video's records, and the Berger Declaration attached to Plaintiffs' Memorandum of Law explains the damages methodology in detail.

The Class Release is appropriately tailored to the violations at issue. The key terms of the Class Release provide that Class Members will release claims "related to the payment of wages … that were alleged or that reasonably arise out of the facts alleged in the First Amended Complaint … through March 14, 2011."[1] The Parties propose mailing complete notice forms to all Class Members, and the proposed Class Notice is based on the form this Court already has approved for use with the Rule 23 litigation classes. Finally, the Parties ask that the Court appoint as the Settlement Administrator, Dahl Administration, LLC, which is a reputable company with ample experience in this area.

The Settlement Agreement also permits Class Counsel to move the Court for fees and costs not to exceed $66,000, which obviously is far lower than Class Counsel's actual lodestar, given the duration and intensity of this litigation. Finally, Class Counsel also will request that the Court award the Named Plaintiffs each with $1,000 Service Awards for their substantial assistance over the last six years.

On its face, the proposed Settlement is fair, reasonable, and adequate. It provides the Class Members with compensation at least equal to what they could obtain at trial, without subjecting them to any further delay or risk. In sum, the proposed Settlement meets or exceeds all the applicable criteria for Settlement Approval. Accordingly, and for the reasons more fully set forth in the Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement, Plaintiffs respectfully request that the Court issue an order preliminarily approving the proposed Settlement, approving the Notice forms and protocol, appointing Named Plaintiffs as the Class

---

[1] As explained in the Memorandum of Law, the Named Plaintiffs will be subject to a broader release than the Class Members.

Representatives, and Plaintiffs' counsel, Girard Gibbs LLP, and Gibbs Law Group as Class Counsel for the Settlement Classes, and setting a date for a final fairness hearing.

DATED: September 25, 2017	Respectfully submitted,

**GIRARD GIBBS LLP**

By: ___/s/ David M. Berger_____

Eric H. Gibbs (*pro hac vice*)
David M. Berger (*pro hac vice*)
Scott Grzenczyk (*pro hac vice*)
**GIRARD GIBBS LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@girardgibbs.com
dmb@girardgibbs.com
smg@girardgibbs.com

Elizabeth A. Fegan
Daniel J. Kurowski
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Drive,
Suite 2410
Chicago, Illinois 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
beth@hbsslaw.com
dank@hbsslaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on September 25, 2017, a true and correct copy of the foregoing *Plaintiffs' Unopposed Amended Motion for Preliminary Approval of Class and Collective Action Settlement* was filed electronically via CM/ECF, which caused copies to be delivered to all counsel of record.

By: */s/ David M. Berger*
David M. Berger