# EXHIBIT 1

## AMENDED SETTLEMENT AGREEMENT

WHEREAS, on March 14, 2011, Plaintiff Darvette Smith, a former employee of Defendant Family Video Movie Club, Inc. ("Defendant" or "Family Video"), filed a proposed FLSA collective action complaint and in the United States District Court for the Northern District of Illinois on behalf of herself and other allegedly similarly-situated current and former Family Video employees seeking overtime pay, liquidated damages, prejudgment interest, and attorneys' fees and costs, captioned *Smith, et al. v. Family Video Movie Club, Inc.*, No. 11-cv-1773 (the "Lawsuit");

WHEREAS, on May 3, 2011, Darvette Smith amended the complaint to add Plaintiffs Natalie Hodorovych, Blake Brezinsky, and Erin Box and causes of action under Illinois state law on behalf of Plaintiffs Hodorovych, Box, and all other similarly situated Family Video employees who worked in Illinois;

WHEREAS, on February 22, 2012, the Court granted Plaintiffs' motion for conditional certification of the case as an FLSA collective action, pursuant to which a notice of the action was mailed to the FLSA collectives and 828 Family Video employees opted to join the lawsuit;

WHEREAS, on March 31, 2015, the Court granted in part and denied in part Defendants' motion to decertify the FLSA classes;

WHEREAS, on November 19, 2015, the Court granted Plaintiffs' motion for class certification of two classes under Illinois' Minimum Wage Laws;

WHEREAS, it is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims that have been brought in the pending action or that reasonably arise out of the facts alleged in the pending action which exist between them;

WHEREAS, on August 25, 2017, Plaintiffs filed a Motion for Preliminary Approval of Class and Collective Action Settlement, which Family Video did not oppose; and

WHEREAS, on September 1, 2017, the Court denied Plaintiffs' motion without prejudice, asked the Parties to revise certain terms of the proposed Settlement Agreement and Class Notice, and file an amended motion for preliminary approval by September 22, 2017.

NOW, THEREFORE, in consideration of the mutual covenants, promises, and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

1.     This Amended Joint Stipulation of Settlement and Release (hereinafter "Settlement Agreement") is made and entered into by and between the following Parties: Plaintiffs Darvette Smith, Natalie Hodorovych, Blake Brezinsky, and Erin Box, individually and on behalf of the Settlement Classes ("Plaintiffs"), and Defendant Family Video.  This Settlement Agreement is subject to the terms and conditions hereof and to the approval of the Court, and is intended to supersede and render null and void the Settlement Agreement filed in this action at Docket No. 486-1.

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

2. Plaintiffs and Defendant herein are collectively referred to as "the Parties." "Class Counsel" is Girard Gibbs LLP. "Plaintiffs' Counsel" are Gibbs Law Group LLP, and Hagens Berman Sobol Shapiro LLP.

3. **Settlement Classes**. The "Settlement Classes" refers, collectively, to two Federal Rule of Civil Procedure 23(b)(3) classes and two FLSA classes, each defined as follows:

**Rule 23(b)(3) Settlement Classes**

All current and former employees of Family Video retail stores in Illinois who were paid on an hourly basis and who, according to Family Video's records, worked more than 40 hours in a workweek without receiving applicable overtime premiums that included commission pay from March 14, 2008, through March 14, 2011.

All current and former employees of Family Video retail stores in Illinois who were paid on an hourly basis, worked more than 40 hours in a workweek (according to Family Video's records), and took Family Video's bank deposits while off-the-clock from March 14, 2008, through March 14, 2011.

**FLSA Settlement Classes**

All opt-in Plaintiff who, according to Family Video's records, worked more than 40 hours in a workweek without receiving applicable overtime premiums that included commission pay from March 14, 2008, through March 14, 2011.

All opt-in Plaintiff who worked more than 40 hours in a workweek (according to Family Video's records), and took Family Video's bank deposits while off-the-clock from March 14, 2008 through March 14, 2011.

4. **Class Period**. The "Class Period" will be defined as March 14, 2008 through March 14, 2011.

5. Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in Plaintiffs' complaint and amended complaints. Defendant further contends that, for any purpose other than settlement, this action is not appropriate for collective treatment or class treatment, notwithstanding the Court's rulings to the contrary. Defendant contends, among other things, that it has complied at all times with the FLSA and the applicable laws of Illinois.

6. It is the intention of the Parties that this Settlement Agreement shall constitute a full and complete settlement and release, which release includes in its effect all affiliated entities and agents, and all present and former subsidiaries, shareholders, officers, directors, employees, attorneys, successors and assigns of Defendant.

7. Class Counsel have conducted a thorough investigation into the facts of the class action, including an extensive review of voluminous documents and the taking and defending of dozens of depositions, and have diligently pursued an investigation of Class Members' claims

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

against Defendant. Based on their own independent investigation and evaluation, Class Counsel are of the opinion that this Settlement with Defendant for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendant, and potential appellate issues.

8.     The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement and to dismiss this action with prejudice upon complete performance of the terms and conditions of the Settlement.

9.     The payments under this Settlement Agreement, including attorneys' fees and costs and enhancement payments to named Plaintiffs, shall be no more than one-hundred and two thousand, two hundred and sixty-eight dollars and thirty-one cents ($102,268.31) ("Settlement Fund"). Other than provided for herein, under no circumstances shall Defendant be required to pay more than the Settlement Fund under this Settlement Agreement. Defendant shall fully fund the Settlement Fund within ten (10) business days of the Settlement's Effective Date as defined in paragraph 10, below.

10.     **Settlement Effective Date**. The Settlement embodied in this Settlement Agreement shall become effective on the Settlement "Effective Date," which is defined as the later of: (i) the date of the Court's final approval of this Settlement if no objections to the Settlement by Class Members have been filed and not withdrawn, (ii) the date when the time for appeal has expired, or (iii) the date of the final resolution of any appeal if an appeal has been filed and not dismissed.

11.     **Payments Out of the Settlement Fund**

(a)     **Net Settlement Fund**. The Net Settlement Fund (that is, the Settlement Fund less any service payments to the named Plaintiffs and attorneys' fees and costs) will be used first to pay to Class Members. The entire Net Settlement Fund will be paid pursuant to the calculations set forth in paragraphs (b) – (c) of this Section 11.

(b)     **Calculation of FLSA and IMWL Bank Deposit Claims**: For Class Members who, during the Class Period, allegedly delivered Family Video end-of-day bank deposits while they were off-the-clock in a week where they also worked 40 or more hours, their settlement share of the applicable Net Settlement Fund shall be calculated as follows: for each bank deposit in a 40+ hour workweek, the Class Member's hourly overtime rate of pay for that workweek will be multiplied by the bank deposit time listed on Family Video's time study for the store at which the Class Member worked. That number will then be multiplied by statutory liquidated damages and late payment penalties, to arrive at a total damages amount. To the extent Family Video's records fail to provide an hourly rate for an employee, that employee's average hourly rate will be used instead. FLSA and IMWL Bank Deposit Class Members whose FLSA or IMWL Bank Deposit claims are determined to exceed $20 (after applying applicable statutory penalties and interest) will be paid the full value of their claims as calculated. FLSA and IMWL Bank Deposit Class Members whose FLSA or IMWL Bank Deposit claims are determined to be worth less than $20 (after applying applicable statutory penalties and interest) will be paid $20 out of the Net Settlement Fund for these claims.

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

(c)     **Calculation of FLSA and IMWL Regular Rate of Pay Claims:**  For Class Members who, during the Class Period, allegedly earned commissions on sales in a week in which they worked 40 or more hours without having those commissions factored into their regular rate of pay for overtime purposes, will have their overtime pay recalculated based on the adjusted regular rate of pay and then awarded as damages. To the extent Family Video's records fail to allocate commissions by week, then the commissions will be allocated to the week that the employee earned the largest amount of overtime in that pay period.  FLSA and IMWL Regular Rate of Pay Class Members whose FLSA or IMWL Regular Rate of Pay claims are determined to exceed $20 (after applying applicable statutory penalties and interest) will be paid the full value of their claims as calculated.  FLSA and IMWL Regular Rate of Pay Class Members whose FLSA or IMWL Regular Rate of Pay claims are determined to be worth less than $20 (after applying applicable statutory penalties and interest) will be paid $20 out of the Net Settlement Fund for these claims.

(d)     **Reimbursement of Attorneys' Fees and Costs**:  Although Plaintiffs' litigation costs and attorneys' fees each exceed the entire Settlement Fund, Plaintiffs and Class Counsel and Plaintiffs' Counsel agree to seek and accept sixty-six thousand dollars ($66,000) as full and complete payment of attorneys' fees and costs. Class Counsel and Plaintiffs' Counsel warrant that no other lawyers or law firms have a claim or right to legal fees or reimbursement of costs in this matter. The attorneys' fees and costs actually paid from the Settlement Fund will be as approved by the Court.  If the Court approves less than the attorneys' fees and costs requested, any remaining difference between the attorneys' fees and costs awarded will not be paid into the Settlement Fund nor will Defendant have any obligation to pay such difference.  If the Court awards more than $66,000 in attorneys' fees or costs, Plaintiffs' Counsel will not seek payment of, and Defendant will have no obligation to pay, more than $66,000.

(e)     **Enhancement Awards to Plaintiffs**:  Class Counsel will apply to the Court for (and Defendant will not oppose) payments from the Settlement Fund of One Thousand Dollars ($1,000) to each named Plaintiff.  This amount shall be in addition to these Plaintiffs' shares from the Net Settlement Fund.  Both Parties agree that the Court may determine the appropriate enhancement awards (if any) to be made to Plaintiffs. The enforceability of this Agreement is not contingent on the amount (if any) of enhancement awards that are granted.  In consideration for the Enhancement Awards, each Plaintiff will provide a general release, as set forth in Paragraph 28.

(f)     **Settlement Administrator Costs**:  Defendant shall pay for the reasonable costs of the Settlement Administrator associated with the administration of this settlement, estimated to be approximately $8,000, and subject to court approval.

(g)     **Tax Allocations**.  The settlement funds paid to Class Members shall be allocated for tax purposes 50% to wages and 50% to non-wages (the non-wages being liquidated damages and interest).   These allocations are made based on the nature of the claims asserted (which claims Family Video continues to deny).  For the purposes of this Settlement Agreement, the amounts allocated as liquidated damages and interest shall not be treated as wages and shall not be subject to withholding taxes.  Defendant shall pay to the Settlement Administrator, to be disbursed to the IRS, the employer's portion of payroll taxes attributable to the portions of Class Members' payments that are characterized as wages.  The amount that

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

Defendant shall pay in payroll taxes shall be in addition to, and shall not come out of, the Settlement Fund. Except for the employer's portion of payroll taxes, Defendant shall have no responsibility or liability for any federal or state taxes owed in connection with the payments made in connection with this settlement. The Settlement Administrator shall withhold from each Class Member's payment, and disburse to the IRS, the employee's portion of payroll taxes attributable to the Class Members' payment.

(h) **Tax Reporting**. The Settlement Administrator shall work with Defendant to provide each Settlement Class Member receiving a payment from the Settlement Fund with a Form W-2 (for wages) and a Form 1099 (for liquidated damages/interest) for these payments. The named Plaintiffs will also receive an IRS Form 1099 for any enhancement payments Plaintiffs receive. Payments made to Class Members under this Settlement Agreement will not be included in a Class Member's compensation for purposes of calculating the benefits to which they are entitled under any employee benefit program sponsored by Family Video. Class Counsel will receive an IRS form 1099 for the attorneys' fees and costs awarded to Class Counsel. Except for the tax reporting obligations expressly stated in this Agreement, each person or entity receiving payments under this Agreement shall be solely responsible for income reporting and tax obligations regarding such payments and for remitting to the Internal Revenue Service and any other relevant taxing authorities any amounts due. Nothing in this Agreement or the related papers shall be construed as providing any advice regarding the payment of taxes or the tax consequences of participation in this settlement. Neither Defendant, Defendant's attorneys, Class Counsel, nor Plaintiffs' Counsel have provided any tax advice to any person or entity receiving payments under this Agreement.

(i) No payments contemplated herein entitle Plaintiffs or any Class Members to additional compensation, bonus, overtime pay, or benefits of any kind.

(j) Defendant shall have no further liability for any attorneys' fees, costs, administration fees or costs, or other expenses, all of which have been completely settled under this Settlement Agreement.

## SETTLEMENT ADMINISTRATOR'S DUTIES

12. **Settlement Administrator**. The Parties have agreed to recommend to the Court the appointment of Dahl Administration, LLC to perform the duties of a Settlement Administrator, which include (1) issuing Class Notice and Class Member Information Forms, (2) issuing the Settlement payments, (3) calculating and remitting to the IRS all required payroll taxes and, (4) calculating and issuing the Form W-2s and Form 1099's and any other required state and federal tax forms (with respect to which efforts the Settlement Administrator and Defendant shall cooperate with each other).

13. The Settlement Administrator may request from Defendant the information reasonably necessary for the Settlement Administrator to perform its duties, and Defendant shall cooperate in providing this information on a confidential basis. All disputes relating to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

Settlement Agreement, until all payments and obligations contemplated by the Settlement Agreement have been fully carried out.

14. **Notice to the Class Members**. A Notice of Pendency of Class Action, Proposed Settlement, and Hearing Date for Court Approval ("Notice")—substantially in the form attached hereto as Exhibit A and approved by the Court—shall be sent by the Settlement Administrator to the Settlement Class, by first class mail, within ten (10) business days of the Settlement Administrator's receipt of the information to be provided by Defendant pursuant to the following paragraph. Attached to the Notice will be a Class Member Information Form ("Information Form")—substantially in the form attached hereto as Exhibit B and approved by the Court—which will inform Class Members of the weeks of work figures used to calculate their estimated settlement payments, and their total estimated settlement payments.

15. Within five (5) business days after entry of the order of preliminary settlement approval, Plaintiffs shall provide to the Settlement Administrator and Defendant, on a confidential basis, settlement payout calculations for all Settlement Class Members. Within fifteen (15) business days after entry of the order of preliminary settlement approval, Defendant shall provide to the Settlement Administrator, the last known addresses, on a confidential basis, for those individuals. Defendant agrees to provide this database in Excel spreadsheet format, or in another format as may be mutually agreeable.

16. The Settlement Administrator will use reasonable means to perform an address updating check prior to mailing the Notice and Information Form and will use skip tracing or other appropriate steps to ensure, to the extent practicable, that the Notice and Information Forms are sent to all Class Members. The Settlement Administrator will also use reasonable means to locate the proper address of any Class Member whose Notice and Class Member Information Form are returned as undeliverable.

17. Class Counsel shall provide the Court, at least five (5) business days prior to the final fairness hearing, a declaration by the Settlement Administrator of due diligence and proof of mailing of the Notices and Class Member Information Forms.

### OPT OUTS; OBJECTIONS; BINDING EFFECT

18. Class Members will have forty (40) calendar days from the mailing of the Notice to object to or opt out of the Settlement.

19. Any Settlement Class member other than the named plaintiffs and those who have opted into the case may elect to be excluded from the Settlement Class during the 40-day period after the Notice is mailed. To be effective, any such election must be made in writing; must contain the information specified in the Notice; and must be mailed to the Settlement Administrator and postmarked on or before the 40th day after the Notice is mailed. The date of the postmark on the mailing envelope shall be the exclusive means to determine whether a request for exclusion is timely. Any Settlement Class member who is eligible to opt out and who timely requests exclusion in compliance with these requirements shall not have any rights under this Agreement, shall not be entitled to receive any settlement payment, and shall not be bound by this Agreement or the judgment(s) in the Lawsuit.

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

20.     Except for those Settlement Class members who exclude themselves in compliance with the forgoing, all Settlement Class members will be deemed to be members of the class in the Lawsuit for all purposes under this Agreement, the final approval order, the judgment, and the releases set forth in this Agreement and, unless they have timely asserted an objection to this Agreement, shall be deemed to have waived all objections and opposition to its fairness, reasonableness, and adequacy.

21.     Any Settlement Class member may object to this settlement, provided that such objections are made in writing and mailed to the Settlement Administrator no later than 40 days after the Notice is mailed.  Such objection shall be in the form and include the information specified in the Notice.  No Settlement Class member may be heard at the final settlement hearing who has not complied with this requirement and any Settlement Class member who fails to comply with this requirement will be deemed to have waived any right to object and any objection to the settlement.

22.     None of the parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to exclude themselves from the Settlement Class, or object to the settlement or appeal from any order of the Court that is consistent with the terms of this settlement, or discourage participation in the settlement.

23.     Upon receipt, counsel for the parties shall promptly exchange with one another copies of all objections, exclusions and/or challenges to the settlement or any part thereof.

## SETTLEMENT PAYMENT PROCESSES

24.     The Settlement Administrator shall mail payments to Class Members and Plaintiffs and enhancement award payments to Plaintiffs within thirty-two (32) calendar days of the Settlement Effective Date as defined above.

25.     Class Members shall have ninety (90) calendar days after mailing by the Settlement Administrator to cash their settlement checks.  If any Class Members do not cash their checks within 90 days after mailing of the checks by the Settlement Administrator, their checks will be void and a stop-payment will be placed.  In such event, those Class Members will be deemed to have waived irrevocably any right in or claim to a settlement share, but the Settlement Agreement nevertheless will be binding upon them.  The Settlement Administrator shall mail (or send by electronic transfer) payments of attorneys' fees and costs to Class Counsel no later than thirty-two (32) days after the later of (1) the Settlement Effective Date (as defined above in paragraph 10) and (2) the entry of a Court Order that awards attorneys' fees and costs.

26.     Should there remain any residual from the Net Settlement Fund after all payments are made under this Settlement Agreement, including settlement checks that are uncashed after 90 days, the parties will dispose of the residual as approved by the Court.  To that end, no more than 30 days after the settlement checks are deemed void (120 days after the Settlement Administrator mails the checks to the class members), the Parties will file a Joint Status Report, advising the Court of the following: (1) the number and value of checks cashed by the Class Members; the amount of money remaining in the Net Settlement Fund, if any, after deducting

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

7

costs associated with administering the residual (*e.g.,* bank stop pay charges); and (3) the Parties' proposals for distributing the residual.

## RELEASE BY THE CLASS

27.     Upon the final approval by the Court of this Settlement Agreement (and except as to such rights or claims as may be created by this Settlement Agreement) the Settlement Classes, each Member of the Classes, and the Plaintiffs, on behalf of themselves and their respective agents, representatives, predecessors, successors, and assigns hereby fully, finally and forever releases, relinquishes and discharges Defendant, and each of its present and former parent companies, subsidiaries, divisions, co-divisions, related companies, affiliates, shareholders, officers, partners, directors, members, servants, employees, agents, attorneys, insurers, predecessors, representatives, accountants, past, present, and future successors and assigns, and all persons acting under, by, through, or in concert with any of them ("Released Parties") from any and all charges, claims, demands, actions, liens, causes of action and liabilities related to the payment of wages, whether known or unknown, suspected or unsuspected, which any of them now have, may have, or has ever had, that were alleged or reasonably arise out of the facts alleged in the First Amended Complaint, including, but not limited to, any claim for the payment of wages claimed in the Litigation (including, without limitation, wages, salaries, bonuses, premium payments), arising under contract, federal, state and/or local law, statute, ordinance, regulation, common law, express contract, implied contract, money had and received in assumpsit, quantum meruit, unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, or other source of law, such as, but not limited to, claims for or related to unpaid wages, minimum wages, overtime, compensation relating to bank deposits, compensation relating to commissions, unpaid work, meal breaks, rest breaks, travel time, reimbursement of expenses, late payment of wages, retaliation for complaining about wages or for asserting claims for wages and/or any other claims for wages, claims for record-keeping in relation to wages, damages or relief related to wage-related claims, including but not limited to claims arising under the FLSA, 29 U.S.C. §201 et seq., the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq., the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq., and any other statutes and/or regulation under any other applicable federal, state, or local law relating to hours of work, wages, unpaid wages, minimum wages, overtime, unpaid work, meal breaks, rest breaks, travel time, reimbursement of expenses, late payment of wages, retaliation for complaining about wages or for asserting claims for wages and/or any other claims for wages, claims for record-keeping in relation to wages, and related penalties, liquidated damages, interest, compensatory damages, punitive damages, or any other item of damages for such charges and claims, and attorneys' fees, costs and expenses ("Released Claims") through March 14, 2011.  This release does not extend to any claims a Plaintiff or a settlement participant may have to vested benefits pursuant to the terms of any Family Video employee benefit plan or under any applicable workers' compensation laws.

## RELEASE BY THE NAMED PLAINTIFFS

28.     In further consideration of the promises made by Defendant in this Settlement Agreement and the additional enhancement award of up to $1,000 (as set forth in Paragraph 11(e), Plaintiffs Darvette Smith, Natalie Hodorovych, Blake Brezinsky, and Erin Box, on behalf of themselves and their respective agents, representatives, predecessors, successors, and assigns

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

hereby fully, finally and forever releases, relinquishes and discharges Defendant, and each of its present and former parent companies, subsidiaries, divisions, co-divisions, related companies, affiliates, shareholders, officers, partners, directors, members, servants, employees, agents, attorneys, insurers, predecessors, representatives, accountants, past, present, and future successors and assigns, and all persons acting under, by, through, or in concert with any of them from any and all charges, claims, demands, actions, liens, causes of action and liabilities of any kind whatsoever, whether known or unknown, suspected or unsuspected, which they may now have or has ever had, including, but not limited to, any matters related to the employment relationship with Defendant, or the termination of it, including, but not limited to, any matter related to employee handbooks , policies, guidelines, rules, and materials, compensation, breaks or rest periods, termination of employment, harassment, and claims arising under the Uniform Trade Secrets Act, the Civil Rights Act of 1964 (Title VII), the Civil Rights Acts of 1866, 1871, and 1991, the Equal Pay Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Family Medical Leave Act, the Fair Labor Standards Act, the Employee Retirement Income Security Act, the Rehabilitation Act, the Uniformed Services Employment and Reemployment Rights Act, Consolidated Omnibus Budget Reconciliation Act (COBRA), Davis-Bacon Act, Drug Free Workplace Act of 1988, Electronic Communications Privacy Act of 1986, Employee Polygraph Protection Act of 1988, Fair Credit Reporting Act, Federal Omnibus Crime Control and Safe Streets Act of 1968, the Hate Crimes Prevention Act of 1999, The Occupational Safety and Health Act, Omnibus Transportation Employee Testing Act of 1991, Privacy Act of 1993, The Sarbanes-Oxley Act, Veterans Reemployment Rights Act, Worker Adjustment and Retraining Notification Act (WARN), payment of wages (including, without limitation, wages, salaries, bonuses, premium payments), arising under contract, federal, state and/or local law, statute, ordinance, regulation, common law, express contract, implied contract, money had and received in assumpsit, quantum meruit, unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, or other source of law, such as, but not limited to, claims for or related to unpaid wages, minimum wages, overtime, unpaid work, meal breaks, rest breaks, travel time, reimbursement of expenses, late payment of wages, retaliation for complaining about wages or for asserting claims for wages and/or any other claims for wages, claims for record-keeping in relation to wages, damages or relief related to wage-related claims, including but not limited to claims arising under the FLSA, 29 U.S.C. §201 *et seq*., the Illinois Minimum Wage Law, 820 TLCS 10511 *et seq*., the Illinois Wage Payment and Collection Act, 820 ILCS 115/ 1 *et seq*., and any other statutes and/or regulation under any other applicable federal, state, or local law relating to hours of work, wages, unpaid wages, minimum wages, overtime, unpaid work, meal breaks, rest breaks, travel time, reimbursement of expenses, late payment of wages, retaliation for complaining about wages or for asserting claims for wages and/or any other claims for wages, claims for record-keeping in relation to wages, and related penalties, liquidated damages, interest, compensatory damages, punitive damages, or any other item of damages for such charges and claims, and attorneys' fees, costs and expenses, and any other federal, state, county or municipal statute, law, rule, regulation or ordinance relating to employment discrimination, employment benefits, wage and hour, compensation, or employment law, and all other statutory and common law claims, penalties, liquidated damages, interest, compensatory damages, punitive damages, or any other item of damages, and attorneys' fees, costs and expenses.

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

29. The Parties intend that this Settlement Agreement bars each and every claim, demand, and cause of action described in this section. However, notwithstanding the foregoing, nothing herein shall be deemed to release any claim or cause of action to enforce this Settlement Agreement. Further excepted from this general release is any claim or right which cannot be waived by law, including claims arising after the date this Individual Agreement is executed and including any claims Plaintiffs Darvette Smith, Natalie Hodorovych, Blake Brezinsky, and Erin Box may have under the Illinois Workers' Compensation Act, 820 ILCS 305, *et seq*. Plaintiffs Darvette Smith, Natalie Hodorovych, Blake Brezinsky, and Erin Box agree never to institute any lawsuit, complaint, proceeding, grievance or action of any kind at law, in equity, or otherwise in any court of the United States, state, or municipality against each Defendant arising from or relating to their employment with Defendant, treatment at, wages from, or separation of employment from Defendant and/or any other occurrence prior to the date this Agreement is executed, except for any action to enforce the terms of this Agreement.

### DUTIES OF THE PARTIES PRIOR TO PRELIMINARY COURT APPROVAL

30. Promptly upon execution of this Settlement Agreement, the Parties shall apply to the Court for the entry of an Order, substantially in the form attached as Exhibit C:

    (a) Preliminarily approving the settlement;

    (b) Certifying Natalie Hodorovych and Erin Box as representative plaintiffs under Rule 23 for their Illinois state claims, for purposes of settlement (the application shall include appropriate declarations from these individuals supporting their approval as representative plaintiffs);

    (c) Preliminarily certifying the Class for purposes of settlement;

    (d) Scheduling a fairness hearing at least ninety (90) days after Notice is mailed to Class Members on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the Class Members;

    (e) Approving as to form and content the proposed Notice of Pendency of Class Action and Proposed Settlement;

    (f) Approving as to form and content the proposed Class Member Information Form;

    (g) Directing the mailing of the Notice of Pendency of Class Action and Proposed Class Member Information Form by first class mail to the Class Members;

    (h) Approving the appointment of Dahl Administration, LLC as Settlement Administrator and preliminarily approving costs of administration payable to Dahl Administration, LLC, estimated to be approximately $8,000.

    (i) Preliminarily approving Plaintiffs' application for payment of reasonable attorneys' fees and costs as set forth herein; and

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

(j)     Preliminarily approving the Plaintiffs' enhancement awards of not more than One Thousand Dollars ($1,000), for a total enhancement award payment of Four Thousand Dollars ($4,000).

### DUTIES OF THE PARTIES FOLLOWING PRELIMINARY APPROVAL

31.     Following preliminary approval by the Court of the Settlement, Class Counsel will apply to the Court for an Order finally approving the settlement as fair, adequate, and reasonable, and will submit a proposed final order and judgment that does the following:

(a)     Approves the settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

(b)     Approves Plaintiffs' application for an award of attorneys' fees and reimbursement of costs; and

(c)     Dismisses this action on the merits and with prejudice and permanently bars all Members of the Settlement Class from prosecuting against Defendant or its present and former subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, successors and assigns, any individual or Class claims which are released by this settlement, upon satisfaction of all payments and obligations hereunder.

### VOIDING THE SETTLEMENT AGREEMENT

32.     A failure of the Court to approve any material condition of this Settlement Agreement which effects a fundamental change of the Parties' Settlement shall render the entire Settlement Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby.

33.     If this Settlement is voided under the prior paragraph, this Agreement shall have no force or effect; all negotiations, statements and proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the Lawsuit prior to the settlement; and neither this Agreement nor any ancillary documents, actions or filings shall be relied upon, admissible or offered into evidence in the Lawsuit or any other action for any purpose.

### PARTIES' AUTHORITY

34.     The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

11

## MUTUAL FULL COOPERATION

35.     The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement.  The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein.  As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's preliminary and final approval of this Settlement Agreement.

## NO ADMISSION

36.     Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.  Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.  In particular, and without limiting the generality of the foregoing, nothing in this settlement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault whatsoever by Family Video or its employees and agents, who expressly deny any liability, wrongdoing, impropriety, responsibility, or fault whatsoever.  In addition, and also without limiting the generality of the foregoing, nothing about this settlement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class in the Litigation or any other action for adversarial, rather than settlement purposes.

## ENFORCEMENT ACTIONS

37.     This Settlement Agreement is fully enforceable in the Northern District of Illinois before Hon. John Z. Lee.

38.     In the event that one or more of the Parties to this Settlement Agreement institutes any legal actions or proceedings to enforce or implement the provisions of this Settlement Agreement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties' reasonable attorneys' fees and costs, including expert witness fees incurred in connection therewith.

## NOTICES

39.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, or overnight carrier, return receipt requested, addressed as follows:

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

To the Plaintiff Classes:

Eric H. Gibbs
GIRARD GIBBS LLP
505 14TH Street, Suite 1110
Oakland, CA 94612

To the Defendant:

Joel Griswold
BAKER HOSTETLER, LLP
191 North Wacker Drive
Suite 3100
Chicago, IL 60606-1901

## CONSTRUCTION

40. The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's-length negotiations between the Parties and that the Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his or its counsel participated in the drafting of this Settlement Agreement.

## CAPTIONS AND INTERPRETATIONS

41. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital.

## MODIFICATION

42. This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

43. This Settlement Agreement constitutes the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. This Settlement Agreement is intended to supersede and render null and void the Settlement Agreement filed in this action at Docket No. 486-1. No rights hereunder may be waived except in writing.

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

## NO PRIOR ASSIGNMENTS

44.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors.  The Parties hereto represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## CLASS COUNSEL SIGNATORIES

45.     It is agreed that because the Members of the Classes are so numerous, it is impossible or impractical to have each Member of the Classes execute this Settlement Agreement.  The Notice of Pendency of Class Action and Proposed Settlement, Exhibit A hereto, will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Member of the Classes.

## COUNTERPARTS

46.     This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

## ILLINOIS LAW

47.     This Settlement Agreement shall be governed and construed in accordance with the laws of the State of Illinois.

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

14

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Date: ___September 22nd___, 2017          _____
                                          Darvette Smith


Date: _____, 2017            _____
                                          Natalie Hodorovych


Date: _____, 2017            _____
                                          Blake Brezinsky


Date: _____, 2017            _____
                                          Erin Box

                                          *Plaintiffs*

Date: _____, 2017                    Girard Gibbs LLP


                                          By: _____


Date: _____, 2017                    Gibbs Law Group


                                          By: _____


Date: _____, 2017                    Hagens Berman Sobol Shapiro LLP


                                          By: _____


                                          *Attorneys for Plaintiffs*


-------------------------------------

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

15

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Date: _____, 2017

_____
Darvette Smith

Date: _Sept 20_____, 2017

*[signature]*
_____
Natalie Hodorovych

Date: _____, 2017

_____
Blake Brezinsky

Date: _____, 2017

_____
Erin Box

*Plaintiffs*

Date: _____, 2017

Girard Gibbs LLP

By: _____

Date: _____, 2017

Gibbs Law Group

By: _____

Date: _____, 2017

Hagens Berman Sobol Shapiro LLP

By: _____

*Attorneys for Plaintiffs*

------------------------------------

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:


Date: _____, 2017          _____
                                           Darvette Smith


Date: _____, 2017          _____
                                           Natalie Hodorovych


Date: ___September 21___, 2017             _____
                                           Blake Brezinsky


Date: _____, 2017          _____
                                           Erin Box

                                           *Plaintiffs*


Date: _____, 2017                     Girard Gibbs LLP


                                           By: _____


Date: _____, 2017                     Gibbs Law Group


                                           By: _____


Date: _____, 2017                     Hagens Berman Sobol Shapiro LLP


                                           By: _____


                                           *Attorneys for Plaintiffs*


-------------------------------------

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Date: _____, 2017        _____
                                    Darvette Smith


Date: _____, 2017        _____
                                    Natalie Hodorovych


Date: _____, 2017        _____
                                    Blake Brezinsky


Date: *Sept. 20*, 2017              _____
                                    Erin Box

                                    *Plaintiffs*


Date: _____, 2017              Girard Gibbs LLP

                                    By: _____


Date: _____, 2017              Gibbs Law Group

                                    By: _____


Date: _____, 2017              Hagens Berman Sobol Shapiro LLP

                                    By: _____

                                    *Attorneys for Plaintiffs*


-----------------------------------------

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

15

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Date: _____, 2017        _____
                                     Darvette Smith


Date: _____, 2017        _____
                                     Natalie Hodorovych


Date: _____, 2017        _____
                                     Blake Brezinsky


Date: _____, 2017        _____
                                     Erin Box

                                     *Plaintiffs*

Date: 09/21_____, 2017          Girard Gibbs LLP

                                         *Eric Gibbs*
                                     By: _____
                                         Eric Gibbs (Sep 21, 2017)


Date: 09/21_____, 2017          Gibbs Law Group

                                         *Eric Gibbs*
                                     By: _____
                                         Eric Gibbs (Sep 21, 2017)


Date: _____, 2017               Hagens Berman Sobol Shapiro LLP


                                     By: _____

                                     *Attorneys for Plaintiffs*


-------------------------------------
*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

15

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Date: _____, 2017        _____

                                                  Darvette Smith


Date: _____, 2017        _____

                                                  Natalie Hodorovych


Date: _____, 2017        _____

                                                  Blake Brezinsky


Date: _____, 2017        _____

                                                  Erin Box

                                                  *Plaintiffs*


Date: _____, 2017            Girard Gibbs LLP

                                                  By: _____


Date: _____, 2017            Gibbs Law Group

                                                  By: _____


Date: Sept. 25, 2017                 Hagens Berman Sobol Shapiro LLP

                                                  By: _____

                                                  *Attorneys for Plaintiffs*


-------------------------------------

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

15

Date: _____9/25_____, 2017          Baker & Hostetler LLP

                                        By: _____
                                              Joel Griswold

                                        *Attorneys for Defendant*


Date: _____9/25_____, 2017          FAMILY VIDEO MOVIE CLUB, INC.

                                        By _____

                                        Its _____CHIEF FINANCIAL OFFICER_____


*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)



# Eric, Family Video Settlement Agreement for your signature

**Adobe Sign Document History**                    09/21/2017

| Created: | 09/21/2017 |
|---|---|
| By: | Gibbs Law Group (agreements@classlawgroup.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAe0OnI9gyoWypG73b5HFo6-ygXjAi8ZS1 |

# "Eric, Family Video Settlement Agreement for your signature" History

Document created by Gibbs Law Group (agreements@classlawgroup.com)
09/21/2017 – 9:24:15 AM PDT- IP address: 12.207.19.90

Document emailed to Eric Gibbs (ehg@classlawgroup.com) for signature
09/21/2017 – 9:28:14 AM PDT

Document viewed by Eric Gibbs (ehg@classlawgroup.com)
09/21/2017 – 9:30:48 AM PDT- IP address: 174.214.6.18

Document e-signed by Eric Gibbs (ehg@classlawgroup.com)
Signature Date: 09/21/2017 – 9:31:14 AM PDT - Time Source: server- IP address: 174.214.6.18

Signed document emailed to dmb@classlawgroup.com, Eric Gibbs (ehg@classlawgroup.com) and Gibbs Law Group (agreements@classlawgroup.com)
09/21/2017 – 9:31:14 AM PDT

Adobe Sign

Exhibit A

Notice of Pendency of Class Action

Exhibit B

Class Member Information Form

Exhibit C

Proposed Order of Preliminary Approval

*Smith v. Family Video Movie Club, Inc.*, Case No. 1:11-cv-01773 (N.D. Ill.)

17