IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DARVETTE SMITH, NATALIE HODOROVYCH, ERIN BOX, and BLAKE BREZINSKY, individually and on behalf of a class of others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**FAMILY VIDEO MOVIE CLUB, INC.,**<br><br>Defendant. | Case No. 11-cv-1773<br><br>Hon. John Z. Lee<br><br>Magistrate Judge Cole |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

Plaintiffs, Darvette Smith, Natalie Hodorovych, Erin Box, and Blake Brezinsky ("Named Plaintiffs"), on behalf of themselves and all persons whom they seek to represent ("Plaintiffs"), have filed a motion for preliminary approval of a proposed collective and class action settlement, which Defendant, Family Video Movie Club, Inc. ("Defendant"), does not oppose.  After reviewing the Parties' proposed Settlement Agreement and Release, together with the proposed Notice of Settlement and other attachments thereto, as well as Plaintiffs' Unopposed Motion for Preliminary Approval of Collective and Class Action Settlement and supporting documents, and based upon the arguments of counsel, the Court finds and orders as follows:

1. The Court finds, for purposes of settlement, that the class certification requirements of the Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied with respect to the Rule 23 Settlement Classes.  The Court therefore certifies the Rule 23 Settlement Classes for settlement purposes.

2.  The Court finds, for purposes of settlement, that the collective action certification requirements of 29 U.S.C. § 216(b) are satisfied with respect to the FLSA Settlement Classes. The Court therefore certifies the FLSA Settlement Classes for settlement purposes.

3.  The Court finds on a preliminary basis that the settlement ("Settlement") memorialized in the "Settlement Agreement and Release" ("Settlement Agreement") is fair, reasonable and adequate, and therefore, meets the requirements for preliminary approval. The Settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with class and collective action litigation in general and with the legal and factual issues of this case in particular.

4.  The Court appoints Named Plaintiffs as the Class Representatives, and Plaintiffs' counsel, Girard Gibbs LLP, and Gibbs Law Group as Class Counsel for the Settlement Classes.

5.  The Court appoints Dahl Administration LLC as the Claims Administrator.

6.  The Court approves, as to form and content, the proposed Notice of Settlement attached to the Settlement Agreement. The Class Notice is accurate, objective, and informative, and it provides members of the Settlement Classes with all information necessary to make an informed decision regarding their participation in the Settlement and its fairness. The notice protocol detailed in the Settlement Agreement will provide sufficient notice of the proposed Settlement and the Final Approval Hearing to the affected persons and entities. Under the circumstances, the Class Notice and the notice protocol detailed in the Settlement Agreement provide the best notice practicable to the Settlement Class Members, and they meet the requirements of Federal Rule of Civil Procedure 23, due process, the Constitution of the United States of America, the laws of the State of Illinois, and all other applicable laws.

7. Class Counsel shall file any motion for attorneys' fees and costs and incentive awards to the named Plaintiffs at least 14 days prior to the deadline for Class Members to object to or opt-out of the Settlement.

8. A hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on January 30, 2018 at 11:00 a.m. in Courtroom 1225 of the United States District Court for the Northern District of Illinois, 219 S. Dearborn, Chicago, Illinois. At the hearing, the Court will hear arguments concerning whether the proposed Settlement of the litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court. The Court will also consider Class Counsel's request for an award of attorneys' fees and costs and for the Service Payments to be made to the Named Plaintiffs.

9. Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Approval Order, Named Plaintiffs and all Class Members and anyone acting on behalf of any Class Member shall be barred and enjoined from: (a) further litigation in this case; or (b) filing or taking any action, directly or indirectly in any forum to commence, prosecute, pursue, or participate on an individual or class or collective action basis any action, claim, or proceeding against Defendant in which any of the released claims (as set forth in the Settlement Agreement) are asserted, or which would prevent any of the released claims from being extinguished.

10. All Rule 23 Class Members who fail to exercise their right to opt-out of the Rule 23 Settlement Class shall be bound by all determinations and judgments in the litigation concerning the Settlement, whether favorable or unfavorable to the Rule 23 Settlement Class.

10. All Rule 23 Class Members wishing to opt-out from or object to the Settlement or its terms must do so in writing and in accordance with the Class Notice. Such objections and exclusions must be mailed to the Claims Administrator and be postmarked no later than forty (40) days after notice is mailed.

11. Any Rule 23 Class Member may enter an appearance in the litigation, at his or her own expense, individually or through counsel of his or her own choice. Any Rule 23 Class Member who does not enter an appearance or opt-out of the Rule 23 Settlement Class will be represented by Class Counsel.

12. Any Rule 23 Class Member may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate; why a judgment should or should not be entered thereon; why any requested attorneys' fees and costs should or should not be awarded to Class Counsel; or why Named Plaintiffs should or should not receive extra compensation in the form of Service Payments. No Rule 23 Class Member or any other person, however, shall be entitled to object to the proposed Settlement, including requested Service Payments, attorneys' fees, and costs, or any judgment approving the Settlement, unless that person has followed the procedures for objecting to the Settlement, including providing all bases for his or her objections. All timely objections shall be considered and ruled upon by the Court at the Final Approval Hearing. Any Rule 23 Class Member who does not timely file and serve his or her objection in the manner provided in the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement, including requested Service Payments, attorneys' fees, and costs, or any judgment approving the Settlement, unless otherwise ordered by the Court.

15. Class Counsel shall file their Motion for Final Approval of Settlement no later than fourteen (14) days prior to the Final Approval Hearing.

16. In the event that the Effective Date (as defined in the Settlement Agreement) does not occur, the Settlement and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

17. The parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

IT IS SO ORDERED.

Dated this 28th day of September, 2017

_____
HONORABLE JOHN Z. LEE
U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS