IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DARVETTE SMITH, NATALIE HODOROVYCH, ERIN BOX, and BLAKE BREZINSKY, individually and on behalf of a class of others similarly situated,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**FAMILY VIDEO MOVIE CLUB, INC.,**<br><br>    **Defendant.** | Case No. 11-cv-1773<br><br>Hon. John Z. Lee<br><br>Magistrate Judge Cole |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED MOTION FOR ATTORNEYS' FEES, RECOVERY OF OUT-OF-POCKET COSTS, AND SERVICE AWARDS**

**INTRODUCTION**

Plaintiffs Darvette Smith, Natalie Hodorovych, Erin Box, and Blake Brezinsky, on behalf of themselves and all others similarly situated, move this Court for an Order (1) awarding Class Counsel $66,000, which covers just a portion of the out-of-pocket costs they expended in litigating this case over the past six years, and (2) awarding the named Plaintiffs' services awards of $1,000 each.

**BACKGROUND**

Plaintiffs and Class Representatives Darvette Smith, Natalie Hodorovych, Erin Box, and Blake Brezinsky are former employees of Defendant Family Video Movie Club, Inc., a chain of video rental stores. Plaintiffs filed suit in Spring 2011, pleading collective and class action claims, including under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the

Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 150/1, *et seq. See* Complaint, ECF No. 22.

Over the next several years, the parties extensively litigated the case. The parties briefed two motions to dismiss, ECF Nos. 49 and 222, and engaged in extensive discovery. They took and defended over forty fact and expert depositions, produced and reviewed tens of thousands of pages of documents, exchanged expert reports, and formally or informally resolved numerous discovery disputes. *See* Berger Decl. ¶ 3; *see generally*, Docket. Class counsel responded to discovery requests propounded on the named plaintiffs asserting the IMWL claims. Class Counsel also hired a claims administrator to issue class notice to the putative FLSA collective members, assisted ninety-five opt-in FLSA class members to answer written discovery and defended twenty-seven of their depositions. *Id.* ¶ 4. Plaintiffs successfully moved for conditional certification of the FLSA classes and opposed Family Video's motion to decertify them. *See* ECF Nos. 148, 376. After the Court denied Plaintiffs' initial motion for class certification, ECF No. 311, Plaintiffs filed a renewed motion, seeking certification of narrower classes, which the Court granted, ECF No. 414. In connection with class certification, the Court also denied Family Video's motion to exclude Plaintiffs' expert, and later, a motion to exclude Family Video's time study, ECF Nos. 375, 468. It also denied Family Video's motion for a certificate of appealability and the Seventh Circuit denied a similar Rule 23(f) petition. ECF Nos. 395, 421.

The certified IMWL and FLSA claims assert two theories of liability: (1) Family Video miscalculated employees' pay by failing to include commissions in calculating overtime compensation; and (2) Family Video required employees to deliver Family Video's bank deposits after clocking out for the day.

In February 2017, the Court resolved lingering disputes about the scope of the classes, which significantly narrowed the Classes and available recoveries. *See* ECF No. 469. With these disputes resolved, the parties were able to value the case, and reach their proposed resolution, which will provide a complete recovery for those claims that remain. The remaining sticking point was attorneys' fees. Ultimately, although Plaintiffs' causes of action provide for fee shifting, Class Counsel believe that the Class Members' interests are better served by providing a complete recovery on their remaining claims now, rather than continuing to litigate the case, essentially to secure a higher fee award.

On August 25, 2017, Plaintiffs filed a Motion for Preliminary Settlement Approval. ECF No. 484. At the Court's direction, the parties amended their Settlement Agreement and revised the proposed Class Notice, and on September 28, 2017, the Court granted preliminary approval of the settlement. *See* ECF Nos. 488, 494, 497. Under the current schedule, class members have until December 13 to object to or opt out of the proposed Settlement and Class Counsel will file a motion for final settlement approval by January 17, 2018. *See* ECF No. 499.

## ANALYSIS

**I.    The $66,000 offset to Class Counsel's Costs is Reasonable**

This Court should grant Class Counsel's request for an award of $66,000 to offset some of their litigation costs because the amount requested is fair and reasonable. The fee-shifting provision of the IMWL, 820 ILCS 105/12, and the FLSA, 29 U.S.C. § 216(b), exist to enable plaintiffs to employ competent counsel at no cost to themselves, which encourages private enforcement of the IMWL and the FLSA protections. 820 ILCS 105/12 ("If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with

3

costs and such reasonable attorney's fees as may be allowed by the Court"); 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

Because the proposed settlement – if approved – will provide a favorable recovery to the Named Plaintiffs, Opt-in Plaintiffs, and Class Members, Class Counsel may recover their reasonable attorneys' fees and costs. *De La Riva v. Houlihan Smith & Co., Inc.,* No. 10 C 8206, 2013 WL 5348323, at *1 (N.D. Ill. March 3, 2015), citing *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001).

While courts have broader discretion in determining the reasonableness of costs, attorneys' fees are normally determined using the lodestar approach. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Multiplication of the number of hours reasonably expended on the merits of the litigation by the reasonable hourly rate equals the lodestar, *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001), which is presumed to be a reasonable fee, *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The Seventh Circuit has applied the *Hensley* framework to fee-award determinations for claims brought under the FLSA. See *Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544 (7th Cir. 1999).

In this case, however, Class Counsel are not requesting payment for *any* of their attorneys' fees, making it unnecessary to perform a detailed analysis of the lodestar or how Class Counsel's attorneys' fees compare to the class recovery. The Settlement Agreement provides that Class Counsel "agree to seek and accept sixty-six thousand dollars ($66,000) as full and complete payment of attorneys' fees and costs." Amended Settlement Agreement, ¶ 11(d), ECF No. 494-1 at 5. As of November 29, 2017, Class Counsel spent over 5,300 billable hours litigating this case. *See* Berger Decl. ¶ 5. The procedural history recounted above and a review of

4

the docket reveal that Class Counsel's reasonable attorneys' fees over the past six years vastly exceed $66,000.

In contrast, Class Counsel's litigation costs alone are more than double the $66,000 requested. As of November 29, 2017, Class Counsel has spent $154,182.73 litigating this case. *Id.* ¶ 6, Ex. A. Of this amount, Class Counsel paid $29,138.46 to the claims administrator that issued notice to the FLSA opt-in collectives and helped to inform them about their claims. *Id.* Class Counsel spend another $32,421.45 to Plaintiffs' damages expert and his staff. *Id.* Class Counsel also spent $4,293.70 on deposition and hearing transcripts. *Id.* These three categories alone total $65,853.61. In addition, Class Counsel incurred transportation, lodging, and meal costs for travel to hearings and depositions, legal research, postage, and copying costs. *See* Berger Decl., Ex. A. Under the circumstances, Class Counsel believe it is more than reasonable to recover an offset to their out-of-pocket costs and thus respectfully request the Court award them $66,000.

**II.     The Service Awards Requested for the Class Representatives Are Appropriate**

Named Plaintiffs Darvette Smith, Erin Box, Blake Brezinsky, and Natalie Hodorovych each seek Service Awards in the amount of $1,000 ($4,000 total), to acknowledge their service to the Class. *See* Amended Settlement Agreement, ¶ 11(e), ECF No. 494-1 at 5.

Class action named plaintiffs play a vital role in our civil justice system by helping to bring claims that might otherwise not be pursued. "Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). "In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from

those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Id.* Service Awards are particularly appropriate in employment litigation because the named plaintiffs risk the displeasing future employers who may look unfavorably upon employees who file suit against former employers. *Beesley v. Int'l Paper Co.*, No. 06 C 703, 2014 WL 375432, at *4 (S.D. Ill. Jan. 31, 2014).

Given all that they have done for the class and collective members, service awards of $1,000 are modest and fall below the amounts awarded in analogous cases. See *Briggs v. PNC Fin. Services Grp., Inc.,* No. 15-cv-10447, 2016 WL 7018566, at * 3 (N.D. Ill. Nov. 29, 2016) (approving $12,500 service award to two plaintiffs in FLSA settlement for a total of $25,000 in service awards); *Castillo v. Noodles & Company,* No. 16-cv-03036, 2016 WL 7451623 (N.D. Ill. Dec. 23, 2016) (approving $10,000 service award to four plaintiffs in FLSA settlement for a total of $40,00 in service awards); *Beatty v. Capital One Fin. Corp.,* No. 1:12-cv-434 (N.D. Ill. Nov. 19, 2012) (orders at ECF Nos. 70, 75 approving $15,000 in service awards to two named plaintiffs in FLSA settlement); *Reyes v. Altamerea Grp., LLC,* No. 10 cv 6451, 2011 WL 4599822, at *9 (S.D.N.Y. Aug. 16, 2011) (approving service awards in the amount of $15,000 each for three class representatives in wage action); *Zolkos v. Scriptfleet, Inc.,* No. 12 Civ. 8230, 2015 WL 4275540, at *3 (N.D. Ill. July 13, 2015) (awarding $10,000 each as service awards to six named plaintiffs in wage action).

The named plaintiffs took substantial risks to bring the benefits of the proposed settlement to the class members. In agreeing to file this suit, the named Plaintiffs took the risk that if Family Video were to prevail, they could be "liable for the defendant's costs or even, if the suit [was] held to have been frivolous, for the defendant's attorneys' fees." *Espenscheid v. DirectSAT USA, LLC*, 688 F.3d 872, 876-77 (7th Cir. 2011) (internal citations omitted). They

6

risked retaliation from future employers for the benefit of all Settlement Class Members. *See Beesley,* 2014 WL 375432, at *4 (recognizing that suits against former employers carry risks of professional and personal repercussions). "The incentive reward is designed to compensate [named plaintiffs] for bearing these risks." *Espenscheid,* 688 F.3d at 877; *accord Koszyk v. Country Fin. a/k/a CC Services, Inc.*, No. 16-cv-3571, 2016 WL 5109196, at *3 (N.D. Ill. Sept. 16, 2016).

The Named Plaintiffs also spent significant amounts of time and effort in pursuing the litigation. Each of them reviewed the complaint, submitted declarations throughout the case, sat for depositions, evaluated the proposed settlement, and assisted Class Counsel in litigating the case. Berger Decl. ¶ 7; *see Briggs,* 2016 WL 7018566, at * 3 (approving service award to named plaintiffs who expended time and effort providing pre-litigation assistance to plaintiffs' counsel, preparing and reviewing the complaint, providing a declaration, and helping prepare for mediation); *Castillo,* 2016 WL 7451626, at * 3 (approving service award to named plaintiffs who participated in an extensive pre-suit investigation, provided documents crucial to establishing the claims, and assisting plaintiffs' counsel in analyzing documents during the informal discovery process). Accordingly, Class Counsel believes they have earned the service awards of $1,000 each, and respectfully asks that the Court award them.

## CONCLUSION

Based upon the foregoing, Plaintiffs respectfully make the unopposed request that the Court grant their motion and award them $66,000 in costs and $1,000 service awards to each of the four Named Plaintiffs.

DATED: November 29, 2017        Respectfully submitted,

**GIRARD GIBBS LLP**

7

By: __/s/ David M. Berger__

Eric H. Gibbs (*pro hac vice*)
David M. Berger (*pro hac vice*)
Scott Grzenczyk (*pro hac vice*)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
ehg@girardgibbs.com
dmb@girardgibbs.com
smg@girardgibbs.com

Elizabeth A. Fegan
Daniel J. Kurowski
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Drive,
Suite 2410
Chicago, Illinois 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
beth@hbsslaw.com
dank@hbsslaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on November 29, 2017, a true and correct copy of the foregoing was filed electronically via CM/ECF, which caused copies to be delivered to all counsel of record.

By: */s/ David M. Berger*
David M. Berger