**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DARVETTE SMITH, NATALIE HODOROVYCH, ERIN BOX, and BLAKE BREZINSKY, individually and on behalf of a class of others similarly situated,** | **Case No. 11-cv-1773** |
| | **Hon. John Z. Lee** |
| **Plaintiffs,** | **Magistrate Judge Cole** |
| **v.** | |
| **FAMILY VIDEO MOVIE CLUB, INC.,** | |
| **Defendant.** | |

**ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION
SETTLEMENT AND AWARDING COSTS AND SERVICE AWARDS**

Plaintiffs, Darvette Smith, Natalie Hodorovych, Erin Box, and Blake Brezinsky ("Named Plaintiffs"), on behalf of themselves and all persons whom they seek to represent ("Plaintiffs"), have filed (1) a motion for final approval of a proposed collective and class action settlement and (2) a motion for recovery of out-of-pocket costs and service awards, ECF No. 502, neither of which Defendant Family Video Movie Club, Inc. opposes. The Court held a fairness hearing on January 30, 2018, at which time all interested persons were given a full opportunity to state any objections to the proposed Settlement Agreement, though no class members submitted timely objections. After reviewing the motions, their proposed Settlement Agreement and Release, the supporting documents, and based upon the arguments of counsel at the final fairness hearing, the Court finds and orders as follows:

1.      The Court grants final approval of the class and collective action settlement.

2.      The Court finds, for purposes of settlement, that the class certification requirements of the Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied with respect

to the Rule 23 Settlement Classes. The Court therefore certifies the Rule 23 Settlement Classes for settlement purposes.

3.      The Court finds, for purposes of settlement, that the collective action certification requirements of 29 U.S.C. § 216(b) are satisfied with respect to the FLSA Settlement Classes. The Court therefore certifies the FLSA Settlement Classes for settlement purposes.

4.      The Court finds that the settlement ("Settlement") memorialized in the "Settlement Agreement and Release" ("Settlement Agreement") is fair, reasonable and adequate, and therefore, meets the requirements for final approval. The Settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with class and collective action litigation in general and with the legal and factual issues of this case in particular.

5.      The Court appoints Named Plaintiffs as the Class Representatives, and Plaintiffs' counsel, Girard Gibbs LLP, and Gibbs Law Group as Class Counsel for the Settlement Classes.

6.      The Court appoints Dahl Administration LLC as the Claims Administrator.

7.      The Court approves, as to form and content, the Notice of Settlement attached to the Settlement Agreement. The Class Notice is accurate, objective, and informative, and it provided members of the Settlement Classes with all information necessary to make an informed decision regarding their participation in the Settlement and its fairness. The notice protocol detailed in the Settlement Agreement was carried out faithfully and provided sufficient notice of the proposed Settlement and the Final Approval Hearing to the affected persons and entities. Under the circumstances, the Class Notice and the notice protocol detailed in the Settlement Agreement provided the best notice practicable to the Settlement Class Members, and they meet the requirements of Federal Rule of Civil Procedure 23, due process, the

2

Constitution of the United States of America, the laws of the State of Illinois, and all other applicable laws.

8.　　Except for the two Rule 23 Class Members who exercised their right to opt-out of the Rule 23 Settlement Classes, each shall be bound by the Settlement Agreement. *See* Declaration of Kelly Kratz Ex. B, ECF No. 508-2 (identifying excluded class members).

9.　　Class Counsel shall be awarded $66,000 in litigation costs, as provided in the Settlement Agreement and their Motion for Attorneys' Fees, Costs, and Service Awards. *See* ECF No. 502.

10.　　The Court also awards service payments of $1,000 to each of the named Plaintiffs, for a total of $4,000, an amount that fairly and appropriately rewards them for their work on this case and in service of the class and collection action members.

15.　　In the event that the Effective Date (as defined in the Settlement Agreement) does not occur, the Settlement and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

16.　　The parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

17.　　Subject to the previous provisions, this case is dismissed with prejudice, with each party to bear its own fees and costs, except as otherwise provided in this Order.

IT IS SO ORDERED.

Dated this 26th day of February, 2018

_____
HONORABLE JOHN Z. LEE
U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

3